Approved:  _____
           Courtney I. Heavey
           Assistant United States Attorney

Before:    HONORABLE LISA MARGARET SMITH
           United States Magistrate Judge
           Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UNITED STATES OF AMERICA            :
                                    :    20 Mag.
             -v.-                    :    RULE 5(c)(3) AFFIDAVIT
                                    :
ANTONIO RIVERA RODRIGUEZ,           :
                                    :
                Defendant.          :    20 MJ 5533
                                    :
------------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss:

        ARTHUR SACCO, being duly sworn, deposes and says that
he is a Special Agent with the Federal Bureau of Investigation
("FBI"), and charges as follows:

        On or about September 18, 2013, the United States
District Court for the District of Puerto Rico issued a warrant
for the arrest of "Antonio Rivera Rodriguez" (the "Warrant").
The Warrant was based upon an Indictment (the "Indictment")
charging "Antonio Rivera Rodriguez" with conspiracy to import
controlled substances, in violation of Title 21, United States
Code, Sections 952(a) and 963; and conspiracy to possess with
intent to distribute controlled substances, in violation of
Title 21, United States Code, Section 846.  Copies of the
Warrant and the Indictment are attached.

        I believe that ANTONIO RIVERA RODRIGUEZ, the
defendant, who was arrested May 28, 2020, in the Southern
District of New York, is the same individual as the "Antonio
Rivera Rodriguez" who is wanted in the District of Puerto Rico.

        The bases for my knowledge and for the foregoing

1

charges are, in part, as follows:

     1.   I am a Special Agent with the FBI, and I have
been involved with the investigation of "Antonio Rivera
Rodriguez" who is the subject of an arrest warrant issued in the
District of Puerto Rico.  Because this Affidavit is being
submitted for the limited purpose of establishing the identity
of the defendant, I have not included in this Affidavit each and
every fact that I have learned relating to ANTONIO RIVERA
RODRIGUEZ, the defendant.  Where I report statements made by
others, those statements are described in substance and in part,
unless otherwise noted.

     2.   I have spoken with a police officer (the
"Officer") with the Westchester County Police Department
("WCPD").  Based on my conversations with the Officer, I have
learned the following:

     a)   On or about May 28, 2020, ANTONIO RIVERA
RODRIGUEZ, the defendant, was pulled over by WCPD officers in
the vicinity of Cross County Parkway and Hutchinson River
Parkway in Eastchester, New York for following too close to
another vehicle, in violation of New York Vehicle Traffic Law,
Section 1129(a), and changing lanes unsafely, in violation of
New York Vehicle Traffic Law, Section 1128(a).  WCPD officers
then took the driver into custody because he was unable to
provide proper identification.  WCPD officers conducted an
inquiry print to identify the driver, and found that his
fingerprints matched those of "Antonio Rivera Rodriguez," for
whom an outstanding arrest warrant had been issued in the
District of Puerto Rico based on matching personal identifiers.

     b)   WCPD officers confronted RIVERA RODRIGUEZ
with the information from his fingerprints and he confirmed that
he was "Antonio Rivera Rodriguez," and that he had a criminal
case in the District of Puerto Rico.

     3.   On or about May 28, 2020, I spoke with ANTONIO
RIVERA RODRIGUEZ, the defendant, who identified himself as
"Antonio Rivera Rodriguez," and acknowledged that he was a
defendant in an outstanding criminal case in the District of
Puerto Rico.

        WHEREFORE, deponent prays that ANTONIO RIVERA
RODRIGUEZ, the defendant, be bailed or imprisoned, as the case
may be.

/s/ Arthur Sacco, signed by USMJ Smith with permission
of the witness, obtained via FaceTime

_____
ARTHUR SACCO      ID #26696
Special Agent
Federal Bureau of Investigation


Sworn to me through the transmission of this
Complaint by reliable electronic means, pursuant to          via FaceTime
Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this
29th day of May, 2020

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

# Exhibit 1

AO 442 (Rev. 01/09)  Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Judicial District of Puerto Rico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| [16] ANTONIO RIVERA RODRIGUEZ, | ) | Case No. *11-045 (PG )* |
| | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   [16] ANTONIO RIVERA RODRIGUEZ,                                                                               ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☒ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

All in violation of charges filed in the indictment.

VIOLATIONS:  TITLE 21 U.S.C. §§ 952 (a) and 963, 846, and Title 18 U.S.C §1956

Date:  ___ SEP 18 2013 ___

City and state:   Hato Rey, Puerto Rico _____

s/ Yelitza Rivera-Buonomo
_____
*Issuing officer's signature*

CAMILLE L. VELEZ-RIVE      **U.S. MAGISTRATE JUDGE**
_____
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                          _____<br>*Arresting officer's signature* |
| _____<br>*Printed name and title* |

# Exhibit 2

U.S. ... CLE ...
SA ...

2013 SEP 18 PM 4: 35

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

        **v.**

**[5] RAMON L. MOLINA- QUINTERO,**
  a.k.a. "Carnal";
  (Counts ONE and TWO )

**[6] JOSE MOLINA-QUINTERO,**
  a.k.a. "Manolo"; "Viejo"
  (Counts ONE and TWO )

**[7]ANTHONY DECLET- RIVERA,**
  a.k.a "Chio" ; " Aquaman"
  (Counts ONE and TWO)

**[8] ANGEL FELIX ESQUILIN,**
  a.k.a. " Esquilin"
  (Counts ONE and TWO)

**[9] ISMAEL LUNA-ARCHEVAL,**
  a.k.a " Maelo"
  (Counts ONE and TWO)

**[10] CARLOS BARRETO-BERMUDEZ**
  (Counts ONE and TWO)

**[11] JOVANNI VARESTIN CRUZ,**
  a.k.a " Jova"
  (Counts ONE and TWO)

**[12] ALFONSO TOLEDO JIMENEZ,**
  a.k.a " Cabito"
  (Counts ONE and TWO)

**[13] LUIS FONSECA SANCHEZ,**
  a.k.a " Pollo"
  (Counts ONE and TWO)

**[14] JOE CORVETTE-GONZALEZ,**
  a.k.a " Joe Cor"

**SUPERSEDING INDICTMENT**

CRIMINAL NO. 11- 045 (PG)

VIOLATIONS:  TITLE 21 U.S.C. §§ 952 (a)
and 963, 846, and Title 18 U.S.C §1956

**(COUNT ONE THROUGH FOUR,
MONEY LAUNDERING AND
NARCOTICS FORFEITURE
ALLEGATION)**

(Counts ONE and TWO)

[15] KERMITT RAMOS ACEVEDO,
a.k.a " Duco"
 (Counts ONE and TWO)

[16] ANTONIO RIVERA RODRIGUEZ,
 a.k.a "Prince"
(Counts ONE and TWO)

[17] HECTOR L. DIAZ TORRES,
 a.k.a "Menor Jodiendita"
 (Counts ONE and TWO)

[18] JOEL DIAZ-TORRES,
a.k.a " Menor Roster"
(Counts ONE and TWO)

 [19] CARLOS ADORNO-CRUZ,
a.k.a " Gallego"
(Counts ONE and TWO)

[20] ROCKY MARTINEZ-NEGRON,
a.k.a " Rocky"
(Counts ONE and TWO)

[21] JORGE L.DIAZ-CASILLAS,
a.k.a " Roquero"
(Counts ONE and TWO)

[22] ROLANDO MELON-BAERGA
(Counts ONE and TWO)

[23] LUIS A. CEDEÑO-BURGOS,
a.k.a " Cuco"
 (Counts ONE and TWO)

[24] JAYSON BERRIOS-RODRIGUEZ,
a.k.a " Jayson"
(Counts ONE and TWO)

[25] MADELYN MORALES PAGAN,
 a,k,a : La loca"
(Counts ONE and TWO)

 [26] RYAN COLON-OJEDA,

2

**a.k.a " Ryan"**
**(Counts ONE and TWO)**

**[27] EDGAR COLLAZO-RIVERA**
**(Counts ONE through FOUR)**

**[28] CARLOS RAYMUNDI HERNANDEZ**

**[29] JUAN CARLOS FONTANEZ**
**a.k.a " Papun"**
**( Counts ONE and Two)**

**[30] FELIX COLON-PEÑA,**
**(Counts ONE and TWO)**

**[31] JEAN CARLOS BRACERO-COTTO,**
**a.k.a " Janco"**
**(Counts ONE and TWO)**
Defendants.

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>

**Title 21, <u>United States Code</u>, §§ 952(a) and 963**
**(Conspiracy to Import Controlled Substances)**

From in or about March, 2005, to in or about June, 2010, in the District of Puerto Rico,

the Dominican Republic, and elsewhere within the jurisdiction of this Court,

**[5] RAMON L. MOLINA- QUINTERO, a.k.a. "Carnal"**
**[6] JOSE MOLINA-QUINTERO,a.k.a. "Manolo"; "Viejo"**
**[7]ANTHONY DECLET- RIVERA, a.k.a "Chio" ; " Aquaman"**
**[8] ANGEL FELIX ESQUILIN, a.k.a. " Esquilin"**
**[9] ISMAEL LUNA-ARCHEVAL, a.k.a " Maelo"**
**[10] CARLOS BARRETO-BERMUDEZ**
**[11] JOVANNI VARESTIN CRUZ, a.k.a " Jova"**
**[12] ALFONSO TOLEDO JIMENEZ, a.k.a " Cabito"**
**[13] LUIS FONSECA SANCHEZ, a.k.a " Pollo"**
**[14]JOE CORVETTE-GONZALEZ, a.k.a " Joe Cor"**
**[15] ANTONIO RIVERA RODRIGUEZ, a.k.a "Prince"**
**[16] KERMITT RAMOS ACEVEDO, a.k.a " Duco"**
**[17] HECTOR L. DIAZ TORRES, a.k.a "Menor Jodiendita"**
**[18] JOEL DIAZ-TORRES, a.k.a " Menor Roster"**

3

**[19] CARLOS ADORNO-CRUZ, a.k.a " Gallego"**
**[20] ROCKY MARTINEZ-NEGRON, a.k.a " Rocky"**
**[21] JORGE L.DIAZ-CASILLAS, a.k.a " Roquero"**
**[22] ROLANDO MELON-BAERGA**
**[23] LUIS A. CEDEÑO-BURGOS, a.k.a " Cuco"**
**[24] JAYSON BERRIOS-RODRIGUEZ, a.k.a " Jayson"**
**[25]MADELYN MORALES PAGAN, a,k,a : La loca"**
**[26] RYAN COLON-OJEDA, a.k.a " Ryan"**
**[27]EDGAR COLLAZO-RIVERA**
**[28] CARLOS RAYMUNDI HERNANDEZ**
**[29] JUAN CARLOS FONTANEZ a.k.a " Papun"**
**[30] FELIX COLON-PEÑA**
**[31] JEAN CARLOS BRACERO-COTTO, a.k.a " Janco"**

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree together with each other, and with other persons known and unknown to the Grand Jury, to import into the United States from a place outside thereof, that is, Dominican Republic, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance and one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Sections 952(a) and 963.

## COUNT TWO
### Title 21, United States Code, Section 846
### (Conspiracy to Possess with Intent to Distribute Controlled Substances)

Beginning in or about March, 2005, and ending in or about June of 2010, in the District of Puerto Rico, and within the jurisdiction of this Court,

**[5] RAMON L. MOLINA- QUINTERO, a.k.a. "Carnal"**
**[6] JOSE MOLINA-QUINTERO,a.k.a. "Manolo"; "Viejo"**
**[7]ANTHONY DECLET- RIVERA, a.k.a "Chio" ; " Aquaman"**
**[8] ANGEL FELIX ESQUILIN, a.k.a. " Esquilin"**
**[9] ISMAEL LUNA-ARCHEVAL, a.k.a. " Maelo"**
**[10] CARLOS BARRETO-BERMUDEZ**
**[11] JOVANNI VARESTIN CRUZ, a.k.a " Jova"**
**[12] ALFONSO TOLEDO JIMENEZ, a.k.a " Cabito"**
**[13] LUIS FONSECA SANCHEZ, a.k.a " Pollo"**
**[14]JOE CORVETTE-GONZALEZ, a.k.a " Joe Cor"**

4

[15] ANTONIO RIVERA RODRIGUEZ, a.k.a "Prince"
[16] KERMITT RAMOS ACEVEDO, a.k.a " Duco"
[17] HECTOR L. DIAZ TORRES, a.k.a "Menor Jodiendita"
[18] JOEL DIAZ-TORRES, a.k.a " Menor Roster"
[19] CARLOS ADORNO-CRUZ, a.k.a " Gallego"
[20] ROCKY MARTINEZ-NEGRON, a.k.a " Rocky"
[21] JORGE L.DIAZ-CASILLAS, a.k.a " Roquero"
[22] ROLANDO MELON-BAERGA
[23] LUIS A. CEDEÑO-BURGOS, a.k.a " Cuco"
[24] JAYSON BERRIOS-RODRIGUEZ, a.k.a " Jayson"
[25] MADELYN MORALES PAGAN, a,k,a : La loca"
[26] RYAN COLON-OJEDA, a.k.a " Ryan"
[27] EDGAR COLLAZO-RIVERA
[28] CARLOS RAYMUNDI HERNANDEZ
[29] JUAN CARLOS FONTANEZ a.k.a " Papun"
[30] FELIX COLON-PEÑA
[31] JEAN CARLOS BRACERO-COTTO, a.k.a " Janco"

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree

with each other, and with other persons known and unknown to the Grand Jury, to commit the

following offense against the United States: to possess with intent to distribute five (5) kilograms

or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance and one (1) kilogram or

more of heroin, a Schedule I, Narcotic Controlled Substance, in violation of Title 21, United

States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was the wholesale distribution of controlled substances at

multiple drug distribution points in the northern and central part of Puerto Rico and further

transshipment to the Continental United States; all for significant financial gain and profit.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators would

accomplish and further the object of the conspiracy, among others, included the following:

1.     It was a manner and means of the conspiracy that the defendants and their co-

5

conspirators would arrange for the unloading, storage and distribution of large amounts of cocaine that were received in Puerto Rico from the Dominican Republic.

2.    It was further a manner and means of the conspiracy that the defendants and their co-conspirators would be in charge of offloading the drug shipments and storing the controlled substances for further distribution and supply to the various drug distributions points operating mainly in the north and central part of Puerto Rico.

3.    It was further a manner and means of the conspiracy that the defendants and their co-conspirators would store and protect the narcotics and narcotics proceeds within Puerto Rico.

4.    It was further a manner and means of the conspiracy that once the narcotics were transported into Puerto Rico, some of the narcotics would be divided among the coconspirators for further distribution at multiple drug distribution points in the northern and central part of the island.

5.    It was a further a manner and means of the conspiracy that some of the narcotics would be further transported to the continental United States.

6.    It was further a manner and means of the conspiracy that the defendants and their co-conspirators would preserve and protect the narcotics and profits of the organization through the use of intimidation, threatened and actual violence.

7.    It was further a manner and means of the conspiracy that the defendants and their co-conspirators would routinely possess, carry and use firearms and other dangerous weapons in order to protect themselves, protect the narcotics and proceeds from other rival organizations and law enforcement authorities, and to punish other members and other individuals.

8.    It was further a manner and means of the conspiracy that the defendants and their co-conspirators would attempt to create the appearance that their narcotics proceeds were

6

legitimate by purchasing legitimate assets, including but not limited to real estate properties, motor vehicles, vessels and businesses through the use of third parties, with the objective of concealing the true ownership of the assets, and the illegal source of the funds used to make the purchases.

9.     It was further a manner and means of the conspiracy that the defendants and their co-conspirators would send bulk shipments of narcotics proceeds to the Dominican Republic.

10.     It was further a manner and means of the conspiracy that the defendants and their co-conspirators did conceal and hide, and cause to be concealed and hidden, the manner and means and acts done in furtherance of the conspiracy, and did use counter-surveillance and other means to avoid detection and apprehension by law enforcement authorities.

11.     It was a further a manner and means of the conspiracy that the co-conspirators would take steps to discover the names of individuals who were cooperating with law enforcement and to dissuade them from cooperating.

## COUNT THREE
### (Conspiracy to Commit Money Laundering)

Beginning in or about the year 2008, and up until June 2009, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendant herein:

### [27] EDGAR COLLAZO-RIVERA,

did knowingly combine, conspire, and agree with other persons both known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious importation, receiving, concealment, buying, selling, or otherwise dealing in controlled

substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, with the intent to promote the carrying on of the specified unlawful activity, that is, the felonious importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substance Act), set forth in

Title 18, <u>United States Code</u>, Section 1961, punishable under any law of the United States including Title 21, <u>United States Code</u>, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under Federal law and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, <u>United States Code</u>, Section 1956(a)(1)(B)(ii).

## <u>OBJECT OF THE CONSPIRACY</u>

It was object of the conspiracy to conceal and disguise drug trafficking proceeds derived by co-conspirators known and unknown to the Grand Jury; to use drug trafficking proceeds to promote the drug trafficking activities of co-conspirators; and to avoid any reporting of drug trafficking proceeds.

## <u>MANNER AND MEANS</u>

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.     It was a manner and means of the conspiracy that the defendant and his co-conspirators would arrange for sending bulk shipments of narcotics proceeds to the Dominican Republic, using privately owned yachts to transport the U.S. Currency.

2.     It was further manner and means of the conspiracy that the defendant and his co-conspirators utilize nominee bank accounts to deposit narcotics proceeds, and in turn make payments for goods with checks, in order to: (a) conceal the true ownership of the assets; (b) conceal the source of the funds; and (c) avoid tracing by financial institutions and civil and criminal authorities, and protect their interest in the properties.

9

4.     It was further part of the manners and means of the conspiracy that the co-conspirators would commingle drug trafficking proceeds with monies derived from business establishments.

5.     It was further part of the manners and means of the conspiracy that some of the co-conspirators would purchase and attempt to purchase assets and in doing so, would misrepresent the source of the money used to pay, the manner of payment, and the true owners, among others.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR
### (International Money Laundering)

In or about the year 2009, in the District of Puerto Rico, the Dominican Republic, and within the jurisdiction of this Court,

### [27] EDGAR COLLAZO-RIVERA,

the defendant herein, did knowingly combine, conspire, and agree with other persons both known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: the transportation of monetary instruments or funds, to wit: approximately eight-million dollars ($8,000,000.00) in United States currency from a place inside the United States, to wit: Puerto Rico, to a place outside the United States, to wit: the Dominican Republic, knowing that the monetary instruments or funds involved in the transportation represented the proceeds of some form of unlawful activity and that such transportation was designed in whole or in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, to wit: the delivery of  proceeds of a specified unlawful activity, that is, the felonious manufacture,

10

importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 952 and 963. All in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i) and (h).

## NARCOTICS FORFEITURE ALLEGATION
### (Title 21, United States Code, Section 853)

1.     The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2.     Upon conviction of the offense alleged in Counts One and Two of this Indictment, pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 846, 952(a), and 963, each defendant who is convicted of one or more of the offenses set forth in said count, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses.  The property to be forfeited includes, but is not limited to, the following:

a.     A sum of money of at least ONE HUNDRED MILLION DOLLARS ($100,000,000.00).

3.     If any of the property described above, as a result of any act or omission of the defendants:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.       has been placed beyond the jurisdiction of the court;

d.       has been substantially diminished in value; or

e.       has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), including but not limited to the following:

i)       All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Pueblo Viejo Ward, Guaynabo, Puerto Rico, more particularly described as:

> URBAN: Lot of land in Urbanization Tintillo Hills, marked with lot No. 2, at Pueblo Viejo Ward, municipality of Guaynabo, Puerto Rico, with a superficial are of 1,157.39 square meters. Bounding on the NORTH, with area dedicated to public use, which it separates from Street Tintillo Hills; on the SOUTH, with the remnant; on the EAST, with lot of Anibal Arzuaga before, now Mr. Portuondo; and on the WEST, with land of Robert Boluffer. It contains a house.

**Property No. 42606**, recorded at page 225 overleaf of volume 1213 of Guaynabo. Registry of Property, Guaynabo Section.

Registered owner: Edgar Collazo-Rivera.

ii)  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Pájaros Americanos Ward, Bayamón, Puerto Rico, more particularly described as:

> URBAN: Lot No. 11 of Block 22 in the MIRAFLORES HOMES INCORPORATED, DEVELOPMENT, as per inscription plans approved by the Puerto Rico Planification Board, located at Pájaros Americanos Ward of the Municipality of Bayamón, Puerto Rico, with a superficial area of 312.30 square meters. Bounding on the NORTH, with lots No. 3 and 2 of the same block, on a distance of 9.31 meters and 3.29 meters; on the SOUTH, with Street No. 10 of the same Development, on a distance of 12.60 meters; on the EAST, with lot No. 10 of the same block, on a distance of 25.50 meters; and on the WEST, with lot No. 12 of the same block, on a distance of 25.50 meters. It contains a residential dwelling.

12

**Property No. 36004**, recorded at page 202 of volume 1813 of South Bayamón. Registry of Property, First Section of Bayamón.

Registered owners: Luis Alberto Cedeño-Burgos and his wife Francheska Machuca González.

iii) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Median Luna Ward, Toa Baja, Puerto Rico, more particularly described as:

RUSTIC: Lot of land owned by the Authority of Land of Puerto Rico, located at Median Luna Ward, municipality of Toa Baja, with a superficial capacity of 17.72 acres, equivalent to 69,669.16 square meters. Bounding on the NORTH, with lands of Industria Lechera (INDULAC), and with land of Radio Station of Naval Base, on the SOUTH, with land of Industria Lechera (INDULAC), and of lands of property NAVY, owned by Authority of Land of Puerto Rico, leased to Carrero Engineering, S.E., with land owned by Authority of Solid Waste and municipal road, on the EAST, with lands of property NAVY, owned by Authority of Land of Puerto Rico, leased to Carrero Engineering, S.E., and remnant of lands of property NAVY, owned by Authority of Land of Puerto Rico; and on the WEST, with lands of Authority of Solid Waste, with municipal road and lend of Industria lechera (INDULAC).

**Property No. 31675**, recorded at page 43 of volume 701 of Toa Baja. Registry of Property, Second Section of Bayamón.

Registered owner: Transporte Collazo Rivera, Inc., (represented by Edgar Javier Collazo-Rivera).

iv) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Pájaros Ward, Bayamón, Puerto Rico, more particularly described as:

URBAN: Lot marked with number 33 of block "K" of inscription plans, project PRHA-22, called Braulio Dueño Colón, located at Pájaros Ward, municipality of Bayamón, Puerto Rico, with a superficial capacity of 304.50 square meters. Bounding on the NORTH, with land of Housing Authority of Puerto Rico, now La Corporación de Renovación Urbana y Vivienda de Puerto Rico, on a distance of 15.24 meters; on the SOUTH, with Street No. 9, distance 15.24 meters; on the EAST, with lot No. K-34, distance of 19.94 meters; and on the WEST, with lot No. K-32, distance of 20.02 metros.

13

**Property No. 45808**, recorded at page 16 of volume 1020, Bayamón Sur. Registry of Property, First Section of Bayamón.

Registered owners: Anastacio del Rio and his wife Ines Maria Rubioby Edgar Javier Collazo-Rivera).

    v) All that lot or parcel of land, together with its buildings, appurtenances,

       improvements, fixtures, attachments and easements, located at Sabana Seca Ward,

       Toa Baja, Puerto Rico, more particularly described as:

       URBAN: Lot No. 2372, Block "E" Levittown Urbanization, Sabana Seca Ward of Toa Baja, Puerto Rico, with an area of 310.50 square meters. Bouding on NORTH, in 13.50 meters, with Paseo Alegre; on the SOUTH, in 13.50 meters, public walk; on the EAST, in 23.00 meters, with lot No. 2371; and on the WEST, in 23.00 meters, with lot No. 2373. It contains a house.

**Property No. 5368**, recorded at page 97 of volume 554, of Toa Baja. Registry of Property, Second Section of Bayamón.

Registered owner: Leticia Diaz-Santiago.

## MONEY LAUNDERING FORFEITURE ALLEGATION
Title 18, United States Code, Sections 982 and 1956

1. The allegations contained in Counts THREE and FOUR of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

2. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956 , the defendant shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

    a.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at Median Luna Ward, Toa Baja, Puerto Rico, more particularly described as:

RUSTIC: Lot of land owned by the Authority of Land of Puerto Rico, located at Median Luna Ward, municipality of Toa Baja, with a superficial capacity of 17.72 acres, equivalent to 69,669.16 square meters. Bounding on the NORTH, with lands of Industria Lechera (INDULAC), and with land of Radio Station of Naval Base, on the SOUTH, with land of Industria Lechera (INDULAC), and of lands of property NAVY, owned by Authority of Land of Puerto Rico, leased to Carrero Engineering, S.E., with land owned by Authority of Solid Waste and municipal road, on the EAST, with lands of property NAVY, owned by Authority of Land of Puerto Rico, leased to Carrero Engineering, S.E., and remnant of lands of property NAVY, owned by Authority of Land of Puerto Rico; and on the WEST, with lands of Authority of Solid Waste, with municipal road and lend of Industria lechera (INDULAC).

**Property No. 31675**, recorded at page 43 of volume 701 of Toa Baja. Registry of Property, Second Section of Bayamón.

Registered owner: Transporte Collazo Rivera, Inc., (represented by Edgar Javier Collazo-Rivera).

    b.  DYW 61' Boat: Olga with P.R. Registration Number 944276,

    c.  A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted, to wit: in excess of eight (8) million dollars ($8,000,000.00) in U.S. Currency.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1) and Title 28, United States Code, Section 2461(c),

All that lot or parcel of land, together with its buildings, appurtenances, improvements,

fixtures, attachments and easements, located at Pueblo Viejo Ward, Guaynabo, Puerto Rico,

more particularly described as:

> URBAN: Lot of land in Urbanization Tintillo Hills, marked with lot No. 2, at Pueblo Viejo Ward, municipality of Guaynabo, Puerto Rico, with a superficial are of 1,157.39 square meters. Bounding on the NORTH, with area dedicated to public use, which it separates from Street Tintillo Hills; on the SOUTH, with the remnant; on the EAST, with lot of Anibal Arzuaga before, now Mr. Portuondo; and on the WEST, with land of Robert Boluffer. It contains a house.

**Property No. 42606**, recorded at page 225 overleaf of volume 1213 of Guaynabo. Registry of Property, Guaynabo Section.

Registered owner: Edgar Collazo-Rivera.

All in accordance with Title 18, United States Code, Section 982(a)(1) and Rule 32.2(a)

of the Federal Rules of Criminal Procedure.

'FOREPERSON'
Date: 9/18/13

**ROSA EMILIA RODRIGUEZ VELEZ**
United States Attorney

**José A. Ruiz-Santiago**
Chief, Criminal Division

**Myriam Y. Fernández-Gonzalez**
Deputy Chief, Narcotics Division

**Olga B. Castellon**
Assistant U.S. Attorney

16